MONTEMURO, J., who was sitting by designation, did not participate in this decision.

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

I join in the majority opinion except insofar as it imposes a requirement that the consent of two physicians be obtained before a close relative may elect to remove life sustaining treatment from an adult. It is difficult to conceive of a situation in which a relative of an adult who is in a persistent vegetative state would not consider the attending physician's medical diagnosis or, if needed, consult with another physician before making such a weighty decision. Where the family member exercises his or her judgment and concludes that the advice or expertise of another physician is unnecessary, it is unduly burdensome to require two qualified physicians, in addition to the attending physician, to evaluate the patient's condition.

The majority requires written statements of two physicians and of the attending physician certifying that the patient is in a persistent vegetative state. There is no statement of policy reasons or explanation given for the necessity of obtaining statements from three physicians. If the purpose is to ascertain whether the patient is in fact in a persistent vegetative state, that may be accomplished by the written statement of a single qualified physician. The written statements of additional physicians do nothing more than assuage a doubting conscience. They do not assure the infallibility of the diagnosis. If the family member needs such reassurance, he or she will seek it. I see no reason for the law to require it.

I would hold that the written statement of a single physician is sufficient to establish the patient's condition where there is no dispute among the interested parties. We have defined "interested parties" to include close family members, a guardian of an incompetent, attending physicians, and the care facility in which the patient is located. I trust that those parties will voice their concerns or disagreement if dissatisfied with the diagnosis. In the absence of any compelling reason to require written statements of two

additional physicians, I must depart from that portion of the majority's decision.

Raymond E. **BARRY**, Appellant,

v.

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY.**

Supreme Court of Pennsylvania.

Submitted Dec. 14, 1995.

Decided April 2, 1996.

Raymond E. Barry, pro se.

Kevin Murphy, Harrisburg, for PHEAA.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### *ORDER*

PER CURIAM:

The order of the Commonwealth Court is AFFIRMED.